ECEIPT #_____
MOUNT $ 150
UMMONS ISSUED YES
OCAL RULE 4.1
IAIVER FORM
ICF ISSUED
Y DPTY. CLK. T.O.M
ATE 2/10/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04 10275 NG

PHYLLIS WELDON, )
   Plaintiff )
)
) MAGISTRATE JUDGE Alexander
)
V. )
)
)
NATIONAL RAILROAD PASSENGER CORP., )
D/B/A AMTRAK, JOHN DOE 1 and )
JOHN DOE 2 )
)

## THE PARTIES

1. The Plaintiff, Phyllis Weldon, currently resides in Malden, Middlesex County, Commonwealth of Massachusetts.

2. The Defendant, National Railroad Passenger Corp. is a for-profit corporation Organized and existing pursuant to the provisions of the Rail Passenger Service Act, 45 U.S.C. §501, et. seq., and subject to the provisions of the laws of the District of Columbia, with a principal place of business at 400 North Capital Street, N.W., Washington, D.C. The Defendant, National Railroad Passenger Corp., d/b/a Amtrak does business within the Commonwealth of Massachusetts and has a usual place of business in Massachusetts at 253 Summer Street, Boston, County of Suffolk, Massachusetts. The Defendant was incorporated by or under an Act of Congress. The United States of America is owner of more than one-half of the Capital stock of the Defendant.

3. The Defendant, John Doe 1, identity and address unknown, was the Engineer operating the train the Plaintiff, Phyllis Weldon, was on, namely Train #92, "The Silver Star", originating in Miami, Florida with a destination of New York City, New York, departing Jacksonville Florida on or about 7:45 p.m., February 18, 2001 ("the Amtrak Train") and, as such, was an agent, servant and/or employee of the Defendant, National Railroad Corp.

4. The Defendant, John Doe 2, identity and address unknown, was the Conductor operating the Amtrak Train and, as such, was an agent, servant and/or employee of the Defendant, National Railroad Corp.

1

## JURISDICTION

5. Jurisdiction is based on the provisions of 28 U.S.C., section 1349 on the grounds that the Defendant, National Railroad Passenger Corp, d/b/a Amtrak, was incorporated by or under an Act of Congress and that the United States is owner of more than one-half of the capital stock, thereby conferring original jurisdiction upon this Court.

## THE FACTS

6. On or about February 18, 2001, the Plaintiff, Phyllis Weldon, boarded the Amtrak Train in Jacksonville, Florida.

7. In the course of the Amtrak Train's route, between Jacksonville, Florida and Washington, D.C., The Defendants, their agents, servants or employees applied the brakes suddenly and without warning.

8. Due to the sudden change of speed, The Plaintiff was caused to be ejected from her seat to the floor of the area in which she had been seated, on the Amtrak Train.

9. The Plaintiff heard a cracking sound in her back and she felt severe pain.

10. As common carriers, the Defendant, National Railroad Passenger Corp, d/b/a Amtrak, and its agents, servants or employees, including, but not limited to, the Defendants, John Doe 1 and John Doe 2, negligently and carelessly maintained and operated the Amtrak Train upon which Mr. Weldon was traveling, so as to allow Ms. Weldon to be ejected from her seat onto the floor, thereby injuring herself. Specifically, their negligence included, but is not limited to the following:

    a. negligent failure to operate the Amtrak Train at a speed appropriate for the conditions;
    b. negligent failure to anticipate and adjust to the conditions ahead of the Amtrak Train that would cause the Amtrak Train to make an abrupt stop.
    c. negligent and careless failure to maintain a safe system of warning people on the Amtrak trains about the abrupt stop;
    d. negligent failure to maintain the train in a safe condition so as to prevent passengers from being ejected from their seats and/or thrown to the floor.

11. As a result of the negligent and careless maintenance and operation of the Amtrak train by the Defendants, National Railroad Passenger Corp., d/b/a Amtrak and its agents, servants and employees, including, but not limited to John Doe 1 and John Doe 2 as described above, the Plaintiff Phyllis Weldon was caused to suffer severe and disabling bodily injuries, including, but not limited to severe back injuries, great pain of body and mind and other damages.

## CAUSES OF ACTION

### (EACH CAUSE OF ACTION INCORPORATES BY REFERENCE EACH AND EVERY PARAGRAPH HEREIN BEFORE SET FORTH)

### FIRST CAUSE OF ACTION

12. This is a cause of action by the Plaintiff, Phyllis Weldon, for negligence against the Defendant National Railroad Passenger Corp., d/b/a Amtrak, for personal injuries.

### SECOND CAUSE OF ACTION

13. This is a cause of action by the Plaintiff, Phyllis Weldon, for negligence against the Defendant John Doe 1, for personal injuries.

### THIRD CAUSE OF ACTION

14. This is a cause of action by the Plaintiff, Phyllis Weldon, for negligence against the Defendant John Doe 2, for personal injuries.

### DEMANDS FOR JUDGMENT

15. The plaintiff, Phyllis Weldon, demands judgment against the Defendant, National Railroad Passenger Corp., d/b/a Amtrak, together with interest and costs as to the First Cause of Action.

16. The plaintiff, Phyllis Weldon, demands judgment against the Defendant, John Doe 1, together with interest and costs as to the Second Cause of Action.

17. The plaintiff, Phyllis Weldon, demands judgment against the Defendant, John Doe 2, together with interest and costs as to the Third Cause of Action.

### JURY CLAIM

18. The plaintiff, Phyllis Weldon, claims trial by jury as to all causes of action.

The Plaintiff,
By her attorneys,

*/s/ David M. Hass*    */s/ Jonathan J. Hass*

David M. Hass, Esq.
BBO# 542237
Jonathan J. Hass, Esq.
BBO# 558133
LAW OFFICES OF BURTON J. HASS
640 Main Street
Malden MA 02149-3919
781-322-3900
Dated: February 10, 2004




Weldon Complaint 3/DSP/JJH/HP
2/5/04