U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHYLLIS WELDON, )
    Plaintiff )
 )
v. )
 ) CIVIL ACTION NO. 04-10275 NG
NATIONAL RAILROAD )
PASSENGER CORPORATION )
D/B/A AMTRAK, JOHN DOE 1 )
And JOHN DOE 2 )

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Now come the defendants, National Railroad Passenger Corporation d/b/a Amtrak, John Doe 1 and John Doe 2, in the above-entitled action and hereby answer the numbered paragraphs of the plaintiff's Complaint as follows:

### THE PARTIES

1. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 1 of the plaintiff's Complaint.

2. The defendants answer that National Railroad Passenger Corporation d/b/a Amtrak is a railroad corporation established pursuant to the provisions of 45 U.S.C.A., Section 301, et seq., and that it has a usual place of business at 253 Summer Street, Boston, Massachusetts. The defendants further answer that Amtrak's principal office is at 60 Massachusetts Avenue, Washington, D.C. The defendants admit that Amtrak was incorporated by or under an Act of Congress, and that the United States of America is owner of more than one-half of the capital stock of Amtrak.

3. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 3 of the plaintiff's Complaint.

4. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 4 of the plaintiff's Complaint.

### JURISDICTION

5. The defendants admit the allegations contained within paragraph 5 of the plaintiff's Complaint.

## THE FACTS

6. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 6 of the plaintiff's Complaint.

7. The defendants deny the allegations contained within paragraph 7 of the plaintiff's Complaint.

8. The defendants deny the allegations contained within paragraph 8 of the plaintiff's Complaint.

9. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 9 of the plaintiff's Complaint.

10(a-d). The defendants deny the allegations contained within paragraph 10 (a-d) of the plaintiff's Complaint.

11. The defendants deny the allegations contained within paragraph 11 of the plaintiff's Complaint.

## CAUSES OF ACTION

The defendants hereby repeat and incorporate by reference herein their responses to the allegations contained within paragraphs 1 through 11 of the plaintiff's Complaint.

## FIRST CAUSE OF ACTION

12. The defendants are not called upon to answer the allegations contained within paragraph 12 of the plaintiff's Complaint.

## SECOND CAUSE OF ACTION

13. The defendants are not called upon to answer the allegations contained within paragraph 13 of the plaintiff's Complaint.

## THIRD CAUSE OF ACTION

14. The defendants are not called upon to answer the allegations contained within paragraph 14 of the plaintiff's Complaint.

## DEMANDS FOR JUDGMENT

15. The defendants are not called upon to answer the allegations contained within paragraph 15 of the plaintiff's Complaint.

16. The defendants are not called upon to answer the allegations contained within paragraph 16 of the plaintiff's Complaint.

17. The defendants are not called upon to answer the allegations contained within paragraph 17 of the plaintiff's Complaint.

### JURY CLAIM

18. The defendants are not called upon to answer the allegations contained within paragraph 18 of the plaintiff's Complaint.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment against them as alleged in her Complaint.

### **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE
And further answering, the defendants state that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
And further answering, the defendants state that the plaintiff's claims are barred for failure to join one or more indispensable parties.

THIRD AFFIRMATIVE DEFENSE
And further answering, the defendants state that the plaintiff's Complaint is barred by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE
And further answering, if the defendant, John Doe 1, did negligently engage in any activities as described in the plaintiff's Complaint, which the defendants deny, then the defendant, John Doe 1, was not acting within the scope of his employment and recovery against the defendant, National Railroad Passenger Corporation, is barred as a result.

FIFTH AFFIRMATIVE DEFENSE
And further answering, if the defendant, John Doe 2, did negligently engage in any activities as described in the plaintiff's Complaint, which the defendants deny, then the defendant, John Doe 2, was not acting within the scope of his employment and recovery against the defendant, National Railroad Passenger Corporation, is barred as a result.

SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that if they were guilty of any negligence proximately causing the injuries and damages set forth in the plaintiff's Complaint, all of which the defendants expressly deny, then the plaintiff is guilty of negligence contributing to cause said injuries and damages.

SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Complaint should be barred because the plaintiff was guilty of negligence which was a contributing cause of her injuries and which negligence was greater than the amount of negligence, if any, attributable to the defendant, or alternatively, the plaintiff's claim should be reduced by the amount of the plaintiff's negligence.

EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the actions or inactions of the defendant were not the proximate cause of the plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superceding causes for which the defendants were not responsible.

NINTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the acts or failures to act alleged in the plaintiff's Complaint were committed or omitted, if at all, by parties for whose conduct or inaction the defendants were not, and are not, legally responsible.

TENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's claims are barred because the plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate them.

ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that if they were negligent, as alleged in the plaintiff's Complaint, which negligence they deny, then such negligence was not the cause of the plaintiff's alleged injuries or damages.

WHEREFORE, the defendants, National Railroad Passenger Corporation d/b/a Amtrak, John Doe 1 and John Doe 2, respectfully request that this Court:

1. Deny the relief sought by the plaintiff in her Complaint and dismiss said Complaint with prejudice;

2. Award the defendants their reasonable costs and attorney's fees; and

3. Order such other and further relief as the Court deems just and proper.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

                                              Defendants, National Railroad
Passenger Corporation d/b/a Amtrak,
John Doe 1 and John Doe 2,
By their attorneys,

*/s/ Sharon H. Church*
John J. Bonistalli; BBO # 049120
Sharon H. Church; BBO # 640878
LAW OFFICES OF JOHN J. BONISTALLI
One Financial Center
Boston, MA  02111
(617) 695-3755

Dated: 3-18-04

5